### IN THE

# SUPREME COURT OF TENNESSEE,

### FOR THE

# MIDDLE DIVISION.

NASHVILLE, . . . . . . . . DECEMBER TERM, 1878.

---

### BASS *v.* THE STATE.

CRIMINAL LAW. *House-breaking.* Where the defendant entered a wheat house by opening a door which is fastened only with a latch, this will be a breaking and entry under the act of 1871, ch. 29, if the intent to commit a felony exists.

---

### FROM WILSON.

---

Appeal in error from the Circuit Court of Wilson county. R. CANTRELL, J.

R. E. THOMPSON for Bass.

ATTORNEY GENERAL LEA for the State.

(444)

DEADERICK, C. J., delivered the opinion of the court.

At the September term, 1878, of the Circuit Court of Wilson county, plaintiff in error was convicted of house-breaking under the act of 1871, ch. 29, sec. 1.

This act provides that "whosoever shall break and enter into the business house, out house, or any other house of another other than a mansion house, with intent to commit a felony, shall be imprisoned in the penitentiary not less than three nor more than fifteen years."

The indictment charged that defendant did break and enter into an out house of the prosecutor with intent to steal five bushels of wheat, the property of said prosecutor.

The evidence shows that the "out house," or "wheat house" as it is called by the prosecutor, was fastened by a latch to the door, and that the string was inside the house, and when he desired to enter it he usually sent his little son through a crack into the house to open the door on the inside; that the crack was too small to admit the passage of a man through it; that by the use of a knife the latch might be lifted, and the door thus opened.

The prosecutor and his wife left home on the day of the alleged breaking, and told defendant they would not return until late in the evening, but returned earlier than they expected to do, and as they approached the house the prosecutor saw defendant moving briskly from the direction of the wheat house, and found that the door had been opened, and a sack was

half filled with wheat taken from his pile. The sack he recognized as one he had seen in defendant's possession a few days before.

It was also proved by another witness that defendant admitted that he had put the wheat in the sack, but said he intended to pay for it before he took it away.

It is insisted by his counsel that the facts disclosed do not show a purpose to steal the wheat.

The court charged the jury, if it was doubtful whether defendant entertained such purpose, they should acquit. That they should consider all the confessions or statement made by defendant. They should not arbitrarily reject any portion of it, but if they believed a part of it true and a part false, they should reject that part which they believed false.

The charge of the court was unexceptionable, and we cannot say that the conclusion of the jury was not sustained by the evidence.

But it is further insisted by defendant's counsel that the charge of the court is not correct in the definition of what constitutes a breaking and entering.

The language is: "If the wheat house was fastened with a latch, and the defendant entered by raising the latch, or by opening a shut door, or raising a closed window, this would be a breaking, etc."

We think the authorities sustain the charge of the court.

It has been held that the lifting of a latch, pulling up or down an unfastened sash, lifting up a cellar door which was kept down by its own weight,

and pushing open a closed door from the outside, which had no interior fastening, would each constitute a breaking of the house. 3 Green. Ev., 576; 1 Rus. on Crimes, 786–7–8–9.

We are of opinion, therefore, that there is no error in the record, and the judgment must be affirmed.